# UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| **GHASEM ATASHKHANEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAM'S EAST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant SAM'S EAST, INC. ("Sam's East" or "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice it is removing this civil action to the United States District Court for the Middle District of Florida, Tampa Division.  In support of this Notice of Removal, Defendant states as follows:

## I.   PROCEDURAL HISTORY

1.      On or about March 12, 2019, Plaintiff Ghasem Atashkaneh ("Plaintiff") filed a three-count Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, entitled *Ghasem Atashkhaneh v. Sam's East, Inc.*, designated Case No. 2019-CA-853 US (the "State Court Action"), wherein he alleges Sam's East discriminated against him on the basis of race, national origin and/or age, and retaliated against him for reporting discrimination, in violation of the Florida Civil Rights Act of 1992 ("FCRA").[1]

2.      On April 10, 2019, Defendant was served with a Summons and Complaint by process service.  A copy of the Complaint and Summons reflecting service, as well as true and

---

[1] Paragraph 2 of Plaintiff's Complaint provides his action is also brought pursuant to the Worker's Compensation Law § 440.205 ("WCL"); however, none of Plaintiff's causes of action appears to be based on the WCL.

legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit A.**

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served.  No orders have been signed by the state judge presiding over the State Court Action.

4.      This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.      DIVERSITY OF CITIZENSHIP

5.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

6.      In the Complaint, Plaintiff indicates he resides in Florida.  (*See* Compl. ¶ 4). Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

7.      For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Sam's East is a corporation organized and existing under the laws of the State of Delaware.  Sam's East therefore is a citizen of Delaware for diversity purposes.  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz*

*Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).   A corporation's principal place of business normally is the state in which it maintains its main headquarters.   *Id.*   The headquarters and corporate offices of Sam's East are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions.   Plaintiff admits this in his Complaint.   (*See* Compl. ¶ 6).   Thus, Sam's East principal place of business is Arkansas, and it is also a citizen of Arkansas for diversity purposes.   Based on the foregoing, Sam's is a citizen of Delaware and Arkansas for diversity purposes.

7.      Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Defendant (a citizen of Delaware and Arkansas) at the time of filing this Notice of Removal.

## III.   AMOUNT IN CONTROVERSY

8.      Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

9.      Plaintiff's Complaint does not include a demand for a specific amount of damages.

10.     As such, to assess the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover.   *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted) (explaining that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover").   In conducting its analysis, the Court may rely upon its "judicial experience and common sense,"

rather than a plaintiff's self-serving representations that the value of his claims is indeterminate. *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1064 (11th Cir. 2010).

11.     A plain reading of Plaintiff's Complaint, together with the jurisdictional allegations herein, demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity.  *See* 28 U.S.C. § 1332(a).

12.     Specifically, Plaintiff alleges in the Complaint he began working for Defendant beginning on March 17, 2005. (*See* Compl. ¶ 8). He alleges in early 2014 Defendant eliminated his position, among others, and he was then demoted to his original position as Overnight Supervisor.  (*See* Compl. ¶¶ 11-13).  Plaintiff was promoted to Overnight Team Lead, but claims he was passed over for further promotion. (*See* Compl. ¶¶ 23-24, 27-29). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in January of 2016 for failure to promote. (*See* Compl. ¶¶ 30). Following the filing of his charge with the EEOC, Plaintiff continued to apply for promotions, which he did not receive.  (*See* Compl. ¶ 31). In December 2016 Plaintiff filed a second EEOC Charge alleging retaliation.  (*See* Compl. ¶ 32). Plaintiff later received write-ups for violations he believes were discriminatory or retaliatory. (*See* Compl. ¶¶ 33-46).

13.     Based on those alleged facts, Plaintiff is seeking damages for "lost wages, emotional distress, humiliation, mental anxiety, loss of the enjoyment of life and loss of dignity." (*See* Compl. ¶¶ 50, 59, 67, 78-79 and WHEREFORE paragraphs).  In addition, Plaintiff seeks attorney's fees and costs, injunctive relief, and punitive damages.  (*See* Compl. ¶¶ 51, 59, 67, 78-79 and WHEREFORE paragraphs).

14.     In addition to lost wages (which are difficult to calculate in the present case as Plaintiff is still employed and does not identify whether there was any pay differential between his current position and the positions he allegedly applied for), district courts routinely include compensatory damages in the form of pain and suffering, such as Plaintiff claims in this case, in the jurisdictional amount.  *See Estevez-Gonzalez v. Kraft, Inc*., 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding complaint "clearly established" amount in controversy based on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). For instance, Judge Moody of the Middle District included compensatory damages in the range of $5,000-$30,000 under FCRA for purposes of calculating the amount in controversy, when the complaint merely alleged emotional distress in the nature of "that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons." *Wineberger*, 2015 WL 225760 at *4, *aff'd by Wineberger*, 672 F. Appx. at 917.  Indeed, the Eleventh Circuit has held objective medical testimony is not necessary to support an award of emotional distress damages under the FCRA, and plaintiff's lay testimony concerning the emotional impact of illegal termination was itself sufficient to support such award. *See Munoz*, 223 F.3d at 1348 (affirming jury award of $150,000 for emotional distress caused by illegal termination under FCRA); *see also Bernstein v. Sephora, Div. of DFS Grp. L.P.*, 182 F. Supp. 2d 1214, 1228 (S.D. Fla. 2002) (finding compensatory damages of $75,000.00 was maximum recoverable in discrimination case

when evidence consisted mainly of plaintiff's "own rather conclusory testimony about her general distress").

15.     To the extent Plaintiff purports to seek emotional distress damages, **$25,000.00** for emotional pain and suffering is a very conservative estimate to include in the amount in controversy calculation.

16.     Additionally, punitive damages must also be included in the amount in controversy, as they are recoverable under FCRA.  *See Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). The maximum punitive damage award allowable under the FCRA for Plaintiff is $100,000.  § 760.11(5), Fla. Stat.  Thus, Plaintiff's request for punitive damages under the FCRA, alone, satisfies the "amount in controversy" requirement. *Id.*; *Cowan v. Genesco, Inc*., Case No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *4 n.7 (M.D. Fla. July 14, 2014) ("[*McDaniel*, 568 Fed. Appx. 729, 731] can be read as supporting the conclusion that a plaintiff's mere request for punitive damages under the FCRA, given the $100,000 statutory limit, would satisfy the amount in controversy.")

17.     Given the facts alleged here, **$25,000.00** in punitive damages is a very conservative estimate of what he could likely recover.

18.     Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FCRA, to the amount in controversy calculation, there is no question the amount in controversy easily exceeds $75,000.00. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation).

19.     Courts may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied. *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015), citing *Kilmer v. Stryker Corp.,* No. 5:14–CV–456–OC–34PRL, 2014 WL 5454385, at *4 (M.D.Fla. Oct. 27, 2014) (holding pre-suit demand letter, which specified past medical expenses totaling $72,792.93, combined with claims for permanent injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount in controversy requirement was met); *see also La Rocca v. Stahlheber,* 676 F.Supp.2d 1347, 1350 (S.D.Fla.2009) (holding amount in controversy requirement was satisfied by calculations based on pre-suit demand package detailing past and future medical expenses). That the amount in controversy exceeds $75,000 is admitted by Plaintiff, as he sent a pre-litigation demand letter in which he demanded settlement for $200,000 inclusive of costs, attorney's fees and lost wages. **Exhibit B.**

20.     Because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV.    <u>NOTICE AND TIMELINESS</u>

21.     Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C.**

22.     The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant SAM'S EAST, INC. respectfully removes this action, pending in the Sixth Judicial Circuit Court of Pasco County, Florida to the United States District Court in the Middle District Court of Florida, Tampa Division.

Dated this 10th day of May, 2019.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:     /s/ Kimberly J. Doud
        Kimberly J. Doud, Esquire
        Florida Bar No.: 523771
        Email: kdoud@littler.com

        Nancy A. Beyer, Esquire
        Florida Bar No.: 59688
        Email: nbeyer@littler.com

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Jason W. Imler, Esquire, Printy & Printy, PA, 3422 West Fletcher Avenue, Suite A, Tampa, Florida 33618 – email: garyjr@printylawfirm.com, Jason.imler@printylawfirm.com and e-service@printylawfirm.com.

/s/ Kimberly J. Doud
Kimberly J. Doud, Esquire

FIRMWIDE:164329874.1 080000.1376