UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GHASEM ATASHKHANEH,

    Plaintiff,

v.                         Case No.: 8:19-cv-1133-T-33SPF

SAM'S EAST, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**I. Background**

Plaintiff Ghasem Atashkhaneh initiated this Florida Civil Rights Act (FCRA) action in state court on March 12, 2019, alleging race, national origin, and age discrimination as well as retaliation against his employer, Defendant Sam's East, Inc. (Doc. # 1-3). Sam's East removed the case to this Court on May 10, 2019. (Doc. # 1).

That same day, the Court entered an Order (Doc. # 5) explaining that it was not convinced that the amount in controversy requirement had been satisfied by a preponderance

1

of the evidence. Sam's East filed a response to the Court's Order on May 20, 2019. (Doc. # 9).

## II. Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(C) specifies: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Any doubt as to propriety of removal should be resolved in favor of remand to state court." Tauriga Scis., Inc. v. ClearTrust, LLC, No. 8:14-cv-2545-T-33TBM, 2014 WL 5502709, at *2 (M.D. Fla. Oct. 30, 2014)(citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).

This action was removed to this Court on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not allege a specific amount of damages. (Doc. # 1-3 at 1). Instead, Sam's East relies in part on a pre-suit demand letter demanding $200,000 to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at 7; Doc. # 9 at 1-2). But, as the Court explained in its May 10 Order, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla.

3

Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Rather, courts evaluate whether demand letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Id. (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The Court has reviewed the pre-suit demand letter (Doc. # 6-2) and determined that the letter is mere puffery. While the letter summarizes the allegations of discrimination at length, it does not provide concrete information to support the $200,000 in damages demanded. Rather, the demand letter vaguely states that Atashkhaneh is "entitled to back pay, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." (Id. at 6). Because the letter is mere puffery, the demand letter does not establish that the amount in controversy exceeds $75,000. See Jenkins v. Myers, No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016)(stating a demand letter that appears to be mere puffery or an attempt at posturing "is insufficient

to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000").

Sam's East also argues that the amount in controversy is met because Atashkhaneh's back pay, compensatory damages for emotional distress, attorney's fees, and punitive damages combined exceed $75,000. (Doc. # 9). The Court is not convinced by Sam's East's calculation of the amount in controversy. The Court does credit Sam's East's calculation of Atashkhaneh's back pay, which is based on the difference in salary between Atashkhaneh's current job with Sam's East and the higher-paying job Atashkhaneh alleges he was discriminatorily denied. (Id. at 3-4). Thus, Sam's East has established that the amount in controversy is at least $25,673. (Id.). Yet, this amount falls far short of the $75,000 threshold.

Regarding attorney's fees, Sam's East insists the Court should assume that Atashkhaneh's attorney's fees up to the time of removal are at least $4,500 — an estimated ten hours at $450 per hour. (Id. at 5-6). But Sam's East is merely speculating and provides no information about the attorney's fees Atashkhaneh actually incurred before removal. Thus, the Court will not include this amount in the amount in controversy calculation.

And the Complaint does not specify the amount of compensatory damages sought or provide details on the emotional distress Atashkhaneh suffered as a result of the alleged discrimination. See Mathew v. S & B Eng'rs and Constr., LTD., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931 (M.D. Fla. Jan.30, 2009)(holding that plaintiff's claim for unspecified compensatory damages, her back pay damages of approximately $66,000, and evidence of her failure to stipulate regarding the jurisdictional amount were insufficient to establish the jurisdictional amount). And Sam's East presented no additional evidence regarding Atashkhaneh's specific emotional distress or suffering. (Doc. # 9 at 4-5). The Court is not persuaded that the other FCRA cases cited by Sam's East establish that Atashkhaneh has actually suffered tens of thousands of dollars worth of emotional distress as a result of Sam's East's decision not to promote him. Cf. Bragg v. Suntrust Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016)("SunTrust cites to three prior employment discrimination cases in which plaintiffs were awarded damages in excess of $75,000 for mental anguish, [] but does not explain why that amount would be awarded in *this* case." (emphasis original)).

Because the Complaint is devoid of allegations regarding Atashkhaneh's distress and Sam's East failed to provide additional information about his distress, the Court cannot reasonably determine what amount of compensatory damages should be included in the amount in controversy. Cf. Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)("Compensatory damages are extremely nebulous. Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75.000.00."). As the Court warned Sam's East, "nebulous allegations of emotional distress . . . are insufficient." (Doc. # 5). Therefore, the Court will not include an amount of compensatory damages in its calculation.

Finally, concerning punitive damages, Sam's East again provides only speculation. Sam's East argues that $25,000 in punitive damages should be included in the amount in controversy calculation. In support, Sam's East cites to three FCRA cases in which juries awarded between $50,000 and $500,000 in punitive damages. (Doc. # 9 at 6-7). But Sam's East does not discuss how those cases are analogous to this case. Furthermore, at least one of the cases cited involved

7

multiple claims under multiple different statutes — a circumstance not present in this case. Thus, the Court is not convinced that $25,000 in punitive damages should be included in the Court's amount in controversy calculation. Even if the Court were to add $25,000 in punitive damages to the $25,673 in estimated back pay, the amount in controversy would still be less than $75,000.

In short, the Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Sam's East has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Because the Court lacks subject matter jurisdiction, the Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of May, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE